*8 The facts of this case sufficiently appear from the following opinion of the Court, delivered by
O’Neall, J.
The facts of the case appear, in substance, to be, that Elizabeth Owens, the defendant, is the wife of John Owens, who abandoned her in the year 1817 or 1818, and went out of the limits ox this State, into the State of Georgia. That he has never returned to this State, but is still alive, having been heard from by several witnesses, within a short time before the trial the cause. On the 7th March, 1830, the defend-conveyed by deed, with a general warranty, a tract of land to the plaintiff, for $120. It was alleged and proved that she had previously conveyed the land to her sister, Jane Boag, as whose property it was, after the conveyance to the plaintiff, seized and sold, under an Attachment. The action was covenant on the warranty, to which the defend *9 ant pleaded coverture; and the Jury, under the charge of the Court, found for the defendant.
The plaintiff has appealed and moves for a new trial, on the ground that the plea of coverture cannot be sustained, where it appears that the husband been absent from the State more than seven years, without any known intention of returning, he may have been heard of by individuals during that j * y. l lili &•
Whether the plea of coverture was in abatement or in bar of the action, does not appear; it is, however, supposed to have been, and will be considered, as bar; nor have we any means of ascertaining whether the replication was a general traverse of the plea, or whether it set out specially the circumstances relied on, in the proof and ground of appeal in answer to it. But assuming the latter to have been done as the most favorable position, in which we can regard the case for the plaintiff, and that if had been demurred to, by the defendant, or proved to be trae on the trial, I an! satisfied that the plaintiff’s motion must fail.
In England, it was, at one time, ruled, that an abandonment of a wife by her husband, and his resilience beyond the realm, without an intention of returning, would enable her to contrae!;, sue and be sued, as a feme sole. So also, a voluntary separation, and a separate maintenance secured by deed, was held to have the same effect. But these eases were either actually or in effect, overruled by the case of Marshall v. Rutton, 8 T. R. 545. The case of Boggett v. Frier, and another 11 East 301, is exactly analogous to the case be-fos e the Court. The action was trespass for breaking and entering the dwelling house of the plaintiff, expelling her therefrom and taking her goods on the 8th of April 1807. The defendants pleaded the coverture of the plaintiff in abatement of her suit; to which she replied that before the trespass, to wit, on the 17th of February 1805, her husband had abandoned her and departed out of the Kingdom to parts beyond the seas, to wit, to America, and that he had not l-eturned or ever corresponded with the plaintiff or been heard *10 of, and that during that time she had contracted and carried on business as a feme sole. The rejoinder was that the plaintiff’s husband was a subject of the realm, and that he had not abjured the realm or been exiled or banished or religated therefrom. To this there was a general demurrer, and the Court gave judgment for the defendants in the action. The only difference between that case and this consists in the two particulars, first, that in the case cited, the husband had been absent a little more than two years, while in the case before us he has been absent for more than fourteen years. Second, the husband in the case cited had not been heard of, in this case he was known to be alive, and living in an adjoining State shortly before the trial, and certainly after the execution of the covenant. This difference cannot, however, militate against the application of the case as authority to this. For the main allegation in the replication to avoid the plea in that case was absence from the realm without an intention of returning, as absence from the State without an intention of returning is in this case. It was adjudged in that case to be insufficient to avoid the plea, and the same rule must govern this.
The marriage contract in this State is regarded as indissoluble by any human means. Nothing short of the actual or presumed death of one of the parties can have the effect of discharging its obligation and preventing its legal effect.
An absence from the State for seven years without being heard of, raises a legal presumption of the death of the husband, but no lapse of time when the husband is absent from the State but known to be alive by being seen or heard of in less than seven years before the trial, will, of itself, have the effect of allowing the wife to contract as a feme sole. If to absence from the State, either perpetual banishment or transportation of the husband for a term of years, and non-return after the expiration of the term, or the residence of an alien husband abroad without an intention of returning, is added, it would have the effect, of rendering the wife a feme sole in legal con *11 templation. These however are the only answers to the plea of coverture which would in Eng-gland have the effect of avoiding it: and two of them can never arise in this State, until our penal code shall introduce the punishments which have given rise to their allowance in England. Opposed to this view of the Law is the case of Bean v. Morgan, 4, M. C. 148. In that case the husband of the defendant abandoned her and left the State in 1819, and nothing certain had been heard of him from that time to the trial in 1827. Coverture was pleaded, and Judge Waities overruled the plea, predicating his opinion on what is said in Clancey on his rights of Married women, at pages 12 and 18. Clancey certainly sustains the opinion that a voluntary residence of the husband abroad without an intention of returning would be an answer to the plea of coverture. But the cases on which he relies to maintain this position, are cases of alien husbands, and that is an acknowledged distinction in the English books ; for of subjects the residence abroad must be at least in its commencement, compulsory, and for the time destructive of the marital rights of the husband. The case of Bean and Morgan is a solitary case in our Courts, at war with our settled rule and policy of the indisso'uble character of the marriage contract; it was a summary process decided without much investigation, and the decision might have been sustained on the presumption of the death of the husband, arising from seven years absence from the State without being heard of. For “ nothing certain had been heard of him” says the Report, and this is equivalent to not being heard of at all. On this ground the decision was right; but on the ground assumed in the decision it certainly is against the current of authority in England, and I prefer to go with the decided cases there., instead of conforming to the decision in Bean v. Morgan.
Henry, for the motion,
P. Farrow, contra.

The motion for a new trial is dismissed.